**Raymond N. COREY LANUZA, Plaintiff,**

v.

**MEDIC EMERGENCY SPECIALTIES, INC., et al., Defendants.**

**No. CIV. 98–2016(RLA).**

United States District Court, D. Puerto Rico.

Oct. 18, 2002.

Guillermo J. Ramos–Luina, San Juan, P.R., for Plaintiff.

Jorge J. López–López, Irizarry, Otero & Lopez, Ernesto Hernández–Milan, Roberto E. Ruiz–Comas, Carlos A. Ortiz–Morales, Miranda Cardenas & Cordova, San Juan, P.R., for Defendants.

*ORDER IN THE MATTER OF TIMELINESS OF CLAIMS AND SETTING DEADLINE FOR CODEFENDANTS TO FILE MEMORANDUM OF LAW*

ACOSTA, District Judge.

Codefendants MEDIC EMERGENCY SPECIALTIES, INC. ("MEDIC") and DR. RAHADAMES HERNANDEZ (DR. HERNANDEZ) have moved the court to

enter summary judgment in their favor dismissing the present complaint as untimely. In the alternative, defendants request that in the event they are found liable they be allowed to deduct the settlement awards previously paid plaintiff for damages resulting from the car accident giving rise to this litigation.

The court having considered plaintiff's arguments in opposition hereby rules as follows.

## PROCEDURAL BACKGROUND

The procedural background in this case is both extensive and complicated due to the fact that this is the fourth suit filed by plaintiff and/or his relatives in both federal and local court for damages arising from plaintiff's accident and the subsequent medical care provided to him by two hospitals. Thus, we shall limit our recount to those facts which are indispensable to the disposition of the motion presently before us.

1. On August 28, 1995 at 4:20 a.m. plaintiff sustained injuries as a result of a collision involving two cars while he was riding as a passenger in one of the vehicles.

2. After the accident plaintiff was taken to the LEVITTOWN DIAGNOSTIC AND TREATMENT CENTER and from there he was transferred to the BAYAMON REGIONAL HOSPITAL.

3. Plaintiff arrived at the Emergency Room ("ER") of the BAYAMON REGIONAL HOSPITAL on August 28, 1995 at 6:46 a.m. and was discharged that same day at 8:20 a.m.

4. On or about August 31, 1995 plaintiff visited DR. RAMON GERENA DELGADO at his office.

5. DR. RAMON GERENA DELGADO referred plaintiff to SAN PABLO HOSPITAL where he was admitted on September 1, 1995 and discharged on October 12, 1995.

6. On October 17, 1995 plaintiff authorized his counsel to obtain plaintiff's medical records from the LEVITTOWN DIAGNOSTIC AND TREATMENT CENTER.

7. On November 24, 1995 plaintiff sent a claim letter to the Puerto Rico Secretary of Justice for alleged malpractice and violation to EMTALA based on his visit to the Emergency Room of the BAYAMON REGIONAL HOSPITAL.

8. On December 20, 1995 plaintiff sent a second letter to the Puerto Rico Secretary of Justice in response to the Government's request for additional information regarding his claim.

9. On August 28, 1996 plaintiff filed Civ. No. 96–2058(HL) in this court which we shall refer to hereinafter as the "First Federal Suit".

10. The defendants in the First Federal Suit were: (1) the owners and drivers of the cars involved in the accident, (2) LEVITTOWN DIAGNOSTIC AND TREATMENT CENTER, (3) BAYAMON REGIONAL HOSPITAL, (4) HOSPITAL SAN PABLO, (5) MUNICIPALITY OF TOA BAJA, (6) MUNICIPALITY OF BAYAMON, (6) various insurers, and (7) unknown defendants.

11. According to the allegations of the complaint in the First Federal Suit, the MUNICIPALITY OF BAYAMON was liable for the acts or omissions of the personnel at the LEVITTOWN DIAGNOSTIC AND TREATMENT CENTER

and the BAYAMON REGIONAL HOSPITAL. Complaint ¶ 3.10

12. The unknown defendants in the First Federal Suit were described as "health care providers... whose names are currently unknown to the plaintiff and who participated or failed to participate, either as employees of the named health care facilities or as independent contractors, in the care and treatment of the plaintiff after he was injured in the motor vehicle accident in question." Complaint ¶ 3.12

13. On August 29, 1996 plaintiff's relatives filed Civ. Num. DDP96–0658 in local court against the owners and drivers of the cars involved in the accident.

14. On January 15, 1997 summons in the First Federal Suit was served on DR. JOSE MADERA as Medical Director of the BAYAMON REGIONAL HOSPITAL.

15. On March 3, 1997 the MUNICIPALITY OF BAYAMON requested dismissal of the claims asserted against it in First Federal Suit because it did not operate nor oversee the BAYAMON REGIONAL HOSPITAL.

16. On March 4, 1997 Hon. Hector M. Laffitte set April 25, 1997 as the deadline for plaintiff to identify unknown defendants in the First Federal Suit.

17. On April 14, 1997 Hon. Hector M. Laffitte granted the motion to dismiss filed by the MUNICIPALITY OF BAYAMON.

18. On August 25, 1997 plaintiff filed Civ. Num. DDP97–0823 in state court against the COMMONWEALTH as the entity in charge of the BAYAMON REGIONAL HOSPITAL based on EMTALA.

19. On November 25, 1997 the Secretary of the Record Room at the BAYAMON REGIONAL HOSPITAL was deposed in the First Federal Suit. The deponent did not know who administered the Emergency Room at the Hospital on August 28, 1995 but advised that DR. JOSE MADERA, the Medical Director could provide the information.

20. On December 26, 1997 plaintiff signed settlement agreements in the First Federal Suit with the following defendants: (1) the owners and drivers of the cars involved in the accident and their respective insurers, (2) MUNICIPALITY OF TOA BAJA and its insurer, and (3) HOSPITAL SAN PABLO.

21. On January 25, 1998 plaintiff propounded interrogatories to the COMMONWEALTH in Civ. Num. DDP97–0823 requesting information as to the entity in charge of the Emergency room at the BAYAMON REGIONAL HOSPITAL on August 28, 1995.

22. On April 3, 1998 final judgment was entered in the First Federal Suit.

23. On April 30, 1998 the answer to interrogatories in Civ. Num DDP97–0823 was served indicating that MEDIC EMERGENCY SPECIALTIES and DR. RAHADAMES HERNANDEZ were responsible for administering the Emergency room at the BAYAMON REGIONAL HOSPITAL on August 28, 1995.

24. On September 1, 1998 plaintiff amended Civ. Num. DDP97–0823

to include MEDIC and DR. RAHADAMES HERNANDEZ as defendants.

25. On September 4, 1998 plaintiff filed the instant complaint, i.e., "Second Federal Suit" against MEDIC, DR. HERNANDEZ,[1] and their respective insurers[2] for alleged medical malpractice.

26. On October 29, 1998 the local court entered judgment in the case filed by plaintiff's relatives finding the driver of the car which impacted the vehicle in which plaintiff was riding liable for all damages resulting from the accident.

## SUMMARY JUDGMENT

Federal courts will grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". Rule 56(c) Fed.R.Civ.P. The First Circuit Court of appeals has reiterated that the function of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Cortés–Irizarry v. Corporación Insular*, 111 F.3d 184, 187 (1st Cir.1997) (citing *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir.1992)); *Vega–Rodriguez v. P.R.T.C.*, 110 F.3d 174, 178 (1st Cir.1997).

"To defeat a motion for summary judgment, the nonmoving party must demonstrate the existence of a trialworthy issue as to some material fact." *Cortés–Irizar-*

*ry*, 111 F.3d at 187. Further, "[a] genuine issue of fact exists only if a reasonable jury could resolve it in favor of either party." *Basic Controlex Corp. v. Klockner Moeller Corp.* 202 F.3d 450, 453 (1st Cir.2000).

The court is required to "constru[e] the record in the light most favorable to the nonmovant and resolving all reasonable inferences in that party's favor." *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir.2000); *Torres v. E.I. Dupont*, 219 F.3d at 18; *Cortés–Irizarry*, 111 F.3d at 187.

A party moving for summary judgment must not only show that there is "no genuine issue of material facts", but also that he is "entitled to judgment as a matter of law." *Vega–Rodriguez*, 110 F.3d. at 178. "A fact is 'material' if it potentially could affect the suit's outcome... [and is] 'genuine' if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor". *Cortes–Irizarry*, at 187 (citations omitted).

"Further, it is well settled that '[t]he mere existence of a scintilla of evidence' is insufficient to defeat a properly supported motion for summary judgment." *Torres v. E.I. Dupont*, 219 F.3d at 18 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

It is axiomatic that when a summary judgment motion is supported with affidavits or other materials, the non-moving party cannot respond with mere allegations and denials. Instead, the non-moving party must show, also by affidavits, depositions, testimonies or otherwise, that a genuine issue of facts remains for trial.

---

1. Plaintiff voluntarily dismissed the claims asserted against DR. JUAN A. GARCIA and his insurer. *See* Partial Judgment issued on September 28, 1999 (docket No. 48).

2. This action was stayed due to the rehabilitation proceedings involving MEDIC's insurer. *See* Order Staying Proceedings... issued on July 12, 2001 (docket No. 84).

*Michelson v. Digital Fin. Serv.,* 167 F.3d 715, 720 (1st Cir.1999). In order to be considered, the facts contained in the documents and the materials attached to the motion for summary judgment as well as to the opposition must be admissible or usable at trial. *Carmona v. Toledo,* 215 F.3d at 131.

## DIVERSITY

This is an action based on diversity of jurisdiction and therefore, local substantive law applies. *Correa v. Cruisers,* 298 F.3d 13, 22 (1st Cir.2002); *Torres v. E.I. Dupont De Nemours & Co.,* 219 F.3d 13 (1st Cir.2000); *Fitzgerald v. Expressway Sewerage Constr., Inc.* 177 F.3d 71, 74 (1st Cir.1999); *Servicios Comerciales Andinos, S.A. v. Gen. Elec. Del Caribe, Inc.,* 145 F.3d 463, 479 (1st Cir.1998).

## STATUTE OF LIMITATIONS

The Puerto Rico Civil Code provides for a one-year statute of limitations in actions sounding in tort. P.R. Laws Ann. tit. 28, § 5898(2) (1990). This term may be tolled by (1) instituting judicial proceedings, (2) submitting extra-judicial claims or (3) acknowledgment of the obligation by the person liable for the damages. § 5303. The one-year period will commence to run "from the day on which [the proceedings] could have been instituted." § 5299. Further, tolling as to one tortfeasor will affect all other persons jointly liable for the damages. § 5304. *Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia,* 142 F.3d 1 (1st Cir.1998).

## ACCRUAL

Plaintiff contends that the action is timely in that the claims asserted against codefendants did not accrue until April 30, 1998. Pursuant to Laws of P.R. Ann. tit., 31 § 5298(2) the one-year limitations period commences to run "from the time the aggrieved person had knowledge [of the injury]." Knowledge of the injury has been construed as having both "notice of the injury" and "notice of the person who caused it." *Torres v. E.I. Dupont,* 219 F.3d at 18 (quoting *Colon Prieto v. Geigel,* 115 D.P.R. 232, 244, 1984 WL 270950 (1984)); *Kaiser v. Armstrong World Indus., Inc.,* 872 F.2d 512, 516 (1st Cir.1989).

■ The statute of limitations is premised on the principle of waiver. It seeks to penalize those who are not diligent in prosecuting their rights and thereby avoid stale claims. However, a cause of action may not possibly accrue while the victim cannot effectively assert his claim. Thus, it is not sufficient for an injured person to be aware of his or her damages but it is also necessary to know the identity of the person responsible for those damages in order to be in a position to demand restitution. This subjective approach to the accrual process which is rooted in the victim's own personal knowledge was adopted by the Puerto Rico Supreme Court in *Colon Prieto.*

■ There is, however, a diligence requirement. Ignorance may not be due to the negligence or carelessness of the interested party. *Id* at 244–45; *Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 16 (1st Cir.1997). "The one-year period does not begin to run until the plaintiff possesses, or with due diligence would possess, information sufficient to permit suit." *Villarini–Garcia v. Hospital Del Maestro, Inc.,* 8 F.3d 81, 84 (1st Cir.1993).

■] Therefore, the limitations period may commence to run not necessarily from the moment claimant first learns the identity of his tortfeasor, i.e., " 'actual knowledge' " but rather from the time when " 'by due diligence, such knowledge would likely have been acquired.' " *Torres v. E.I. Nemours,* 219 F.3d at 13 (quoting

*Villarini–Garcia v. Hospital Del Maestro, Inc.,* 8 F.3d 81, 84 (1st Cir.1993)). In other words, subjective reasonable diligence will determine the accrual date.

In cases where the tort claim is filed beyond the one-year statutory term such as the one presently before us plaintiff bears the burden of proving timeliness by establishing he lacked the necessary knowledge prior to instituting this action. *Torres v. E.I. Dupont,* 219 F.3d at 19; *Kaiser v. Armstrong World Indus., Inc.,* 872 F.2d 512, 516 (1st Cir.1989).

Plaintiff argues that he did not know the exact identity of MEDIC and DR. HERNANDEZ, codefendants herein, until April 30, 1998 when they were listed in response to interrogatories propounded in Civ. Num. DDP97–0823 a suit filed by plaintiff on August 25, 1997 in state court against the COMMONWEALTH as the entity in charge of the BAYAMON REGIONAL HOSPITAL.

However, plaintiff fails to specify what "reasonable efforts to ascertain the exact identity of the Co–Defendants were taken" prior to noticing the aforementioned interrogatories on January 25, 1998 in the local suit.[3]

The record is devoid of any measures having been utilized—either judicial or extrajudicial—in this direction. No evidence of discovery conducted in the First Federal Suit addressed either to the entity managing the ER or the name of the attending physician has been submitted. According to the facts before us plaintiff failed to pursue this matter even after he was put on notice on March 3, 1997 that the MUNICIPALITY OF BAYAMON did not operate the BAYAMON REGIONAL HOSPITAL, and on March 4, 1997 an April 25,

1997 deadline was set by the court to identify unknown defendants in the First Federal Suit.

Codefendants MEDIC and DR. HERNANDEZ were first sued on September 1, 1998 three years after plaintiff's visit to the ER and at least four months after their identities had been revealed by the COMMONWEALTH in response to interrogatories propounded in the local case.

Plaintiff argues that the subjective diligence issue is not amenable to summary judgment disposition as per *Villarini–Garcia,* 8 F.3d at 87 (diligence should be determined by jury even "where no raw facts are in dispute... so long as the outcome is within the range where reasonable men and women differ.")

However, the circumstances before us are quite different from those faced by plaintiff in *Villarini–Garcia.* In that case the injured party was not even aware of a possible medical malpractice and if so, against whom. In the situation before us plaintiff was immediately aware of the purportedly negligent care at the ER. The events at the ER served as the basis for two claim letters to the Puerto Rico Secretary of Justice in November and December, 1995 scarcely months after his release from the ER on August 25, 1995. Further, within a year of the events plaintiff instituted a negligence suit against the MUNICIPALITY OF BAYAMON stemming precisely from those same facts.

Based on the particular sequence of events in this action we find that plaintiff's position herein is more akin to the situation in *Kaiser.* In that case the court held that the plaintiff's claim was time-barred since the identity of the corporate entities purportedly liable for his damages was a

---

**3.** Plaintiff's Opposition to Co-defendants' Motion for Summary Judgment (docket No. 79) p. 11.

matter of public domain and plaintiff failed to present evidence to establish that the delay in bringing suit was "attributable to some unusual difficulty in procuring the names of the [responsible parties] such as that the [party responsible] had a policy of concealing them or that they were otherwise unobtainable." *Kaiser*, 872 F.2d at 518. In *Kaiser* the court held that plaintiff "had sufficient knowledge of facts from which to determine the author of his injury… so that he could know who to sue." *Id.* at 518 (internal quotations omitted).

In the situation before us there is no dispute that since August 1995 plaintiff was aware of the purportedly negligent care rendered at the ER as well as the particular physician responsible for his premature discharge from the ER. All he was lacking were the names of the physician and the entity operating the facilities. Apart from pointing to the responses to written discovery propounded in January 1998 as the onset date for the limitations period plaintiff has completely failed to indicate why he could not have procured this information earlier either extrajudicially or during the discovery process in the First Federal Suit. There is nothing in the record for us to conclude that the name of an entity contracting with the local government for providing services in a public hospital was somehow difficult to ascertain nor the name of the physician on duty on August 28, 1995.

Under this factual scenario we cannot conclude that whether or not plaintiff was subjectively diligent in ascertaining the two names "is within the range where reasonable men and women differ" which would warrant a jury determination. *Villarini–Garcia*, 8 F.3d at 87.

■ Based on the foregoing, we find that the three year delay in bringing codefendants to court was based on plaintiff's lack of diligence. The claims against code-

fendants accrued at least by March 3, 1997 when plaintiff was put on notice that the MUNICIPALITY OF BAYAMON was not responsible for the aforementioned medical facility. Accordingly, unless tolled the action against codefendants herein is stale.

## JOINT LIABILITY

It is important to address the nature of the liability of the defendants in these proceedings vis à vis the defendants in the previous suits filed by plaintiff herein to determine whether or not the statute of limitations period was tolled pursuant to § 5304 Laws of P.R. Ann. tit., 31.

■ A person is responsible not only for those damages directly caused by his or her own negligence but also for the aggravation of injuries brought about by the negligence of a third party in the course of providing medical treatment. *Rodriguez Sosa v. Cerveceria India*, 106 D.P.R. 479, 482–83, 1977 WL 50778 (1977); *Merced v. Gob. de la Capital*, 85 D.P.R. 552, 556–57, 1962 WL 14814 (1962). Thus, the individual found liable for the accident in which plaintiff in these proceedings was injured is accountable not only for the immediate injuries resulting from the collision but also for any additional damages suffered by plaintiff as a result of subsequent malpractice of those who provided medical care in tending to those injuries.

■ The reverse, however, is not true. That is, the responsibility of those liable for the aggravation of injuries produced by the negligence of another is limited to damages directly connected to the deficient medical care provided. This is so because under these circumstances providers of medical care are not "causantes comunes de un daño", i.e., joint tortfeasors. Rather, their liability stems from subsequent acts or omissions which are separate in time and distinct in nature from those

which triggered the onset of events. Herminio M. Brau del Toro, Los Daños y Perjuicios Extracontractuales en Puerto Rico § 9.02 (2nd ed.1986). *See also* Carlos J. Irizarry Yunqué, Responsabilitad Civil Extracontractual, p. 399 (2nd ed.1996) (joint liability inapposite because those responsible for the initial and subsequent damages are different due to the timing and nature of their negligent acts or omissions).

■ The doctrine which holds the original wrongdoer liable for subsequent damages due to negligent medical care is not premised on the principle of joint liability but rather rooted instead in public policy concerns. It seeks to ensure that a victim of negligence is not left without recourse due to the inability to set apart the origin of the damages or to prove medical malpractice. *Merced,* 85 D.P.R. at 557–58.

■ In the First Federal Suit plaintiff sued the individuals responsible for the collision and the hospital where he was taken after his release from the ER. As previously noted, there is no joint liability between codefendants and either the parties responsible for the car crash or the other entities which provided plaintiff medical care since their respective negligent acts and/or omissions are diverse in time and nature from that attributed to petitioners herein. Accordingly, prior judicial proceedings filed against these two categories of defendants have no tolling effect with respect to codefendants herein.

## JUDICIAL PROCEEDINGS

■ As previously noted pursuant to Laws of P.R. Ann. tit., 31 § 5303 one of the options available for tolling the one-year limitations period is by instituting judicial proceedings. The tolling takes effect by the mere filing of the complaint—without regard to service of process or the fact that the court may eventually be found to lack jurisdiction—and lasts until the judicial proceedings have come to an end. *Martínez Arcelay v. Peñagaricano,* 145 D.P.R. 93, 1998 WL 199586 (1998); *Agosto v. Municipio De Rio Grande,* 143 D.P.R. 174, 1997 WL 289933 (1997); *Durán Cepeda v. Morales Lebrón,* 112 D.P.R. 623, 1982 WL 210627 (1982); *Moa v. E.L.A.,* 100 P.R.R. 572, 589, 1972 WL 34028 (1972).

■ Once the judicial proceedings have concluded the full one-year term will commence to run anew. *de León Crespo v. Caparra Center,* 147 D.P.R. 797, 1999 WL 202674 (1999); *Silva Wiscovich v. Weber Dental Mfg. Co.,* 119 D.P.R. 550, 1987 WL 448272 (1987); *Durán Cepeda. See also Rodriguez Narvaez v. Nazario,* 895 F.2d 38, 43 (1st Cir.1990).

Plaintiff disputes the timeliness argument alleging that "the limitations period as to Co–Defendants was first tolled by the 'John Doe' defendants case, then later by the complaint against the Commonwealth of Puerto Rico."[4] We shall address these two arguments.

### Unknown Defendants

Plaintiff contends that the statute of limitations as to MEDIC and DR. HERNANDEZ was tolled by the First Federal Suit filed on August 28, 1996 inasmuch as he included a claim against the unknown "health care providers... whose names are currently unknown to the plaintiff and who participated or failed to participate, either as employees of the named health care facilities or as independent contractors, in the care and treatment of the

---

4. Plaintiff's Opposition to Co-defendants' Motion for Summary Judgment (docket No. 79) p. 11.

plaintiff" and their respective unknown insurers.[5] These unknown defendants were never identified in that case. As a matter of fact, plaintiff failed to abide by the April 25, 1997 deadline set by Hon. Judge Hector M. Laffitte to substitute the unnamed parties for which reason all unknown defendants were dismissed by the court *sua sponte.*

Thus, the issue currently before us is whether a suit filed against fictitious defendants who are subsequently dismissed as parties operates as a judicial tolling.

Although a common practice, the Federal Rules of Civil Procedure do not specifically address the use of unknown defendants—traditionally referred to in the pleadings as "John Doe". This practice has frequently come to the attention of the courts in the context of whether or not having included a "John Doe" defendant effectively tolls the limitations period pursuant to the provisions of Rule 15(c) Fed. R.Civ.P. *See* Carol M. Rice, *Meet John Doe: It is Time for Federal Civil Procedure to Recognize John Doe Parties,* 57 U. Pitt. L.Rev. 883 (1996).

■ Fed.R.Civ.P. Rule 15(c) allows for amendments to the complaint to correctly identify a defendant. However, in order for the substitution to relate back to the date of filing of the original complaint (1) the amendment must have arisen from the same transaction as the original pleading, (2) the newly-named defendant must have received notice of the claim prior to expiration of the term to serve the complaint, i.e., 120 days from having filed suit, and (3) but for a mistake in identity plaintiff would have named the substituting defendant in the original pleading. *Leonard v. Parry,* 219 F.3d 25 (1st Cir.2000). The current Puerto Rico provision for amendments to

the complaint mirrors its federal counterpart.[6]

Rule 15(c)(1) Fed. R. Civ. P. also provides for amendments to pleadings to relate back if "permitted by the law that provides the statute of limitations applicable to the action".

Puerto Rico Rule 15.4, P.R. Laws Ann. tit., 32 Ap. III (1990) allows for the institution of suits against unknown parties. In pertinent part it reads:

> Whenever a plaintiff does not know the true name of a defendant, he shall so state in the complaint, setting forth the specific claim he allegedly has against said defendant. In said case, the plaintiff may designate said defendant in any pleading or proceeding with a fictitious name, and upon discovery of the true name, he shall forthwith make the corresponding amendment in the pleading or proceeding.

■ In situations where the plaintiff knows the identity of the person liable for the relief claimed but not his true name he may sue the unknown defendant pursuant to Puerto Rico Rule 15.4 provided the pleading so indicates. In order to be found liable, however, the unknown defendant must be properly identified before judgment is entered so that he be given sufficient opportunity to defend. Under those circumstances the substitution will relate back to the date when the complaint was originally filed even if the amendment falls outside the limitations period. *Padin Espinosa v. Compañia de Fomento Industrial de P.R.,* —— D.P.R. ——, 2000 TSPR 32 (Feb. 25, 2000); *Martinez Díaz v. E.L.A.,* 132 D.P.R. 200, 211, 1992 WL 754823 (1992); *Ortiz Díaz v. R & R Motors Sales Corp.,* 131 D.P.R. 829, 834, 0096

---

**5.** Complaint in Civ. No. 96–2058(HL) ¶ 3.12.

**6.** *See* Puerto Rico Rule 13.3, P.R. Laws Ann. tit. 32, Ap. III (1990).

WL 1089979 (1992); *Nunez v. Jiménez,* 122 D.P.R. 134, 142, 1988 WL 580768 (1988).

■ Plaintiff must be diligent in procuring the substitution. Unless service of process upon the unknown defendant is effected within six months from filing of the complaint or plaintiff justifies an extension of this term claims against unknown defendants shall be dismissed with prejudice. *Nunez,* 122 D.P.R. at 143.

Plaintiff argues that the mere inclusion of the John Doe defendants in the previous federal suit automatically operates as a tolling to his claims against MEDIC and DR. HERNANDEZ in this case. However, relation back to avoid the lapse of the limitations period is an exception to the general rule that claims become stale by the mere passing of time. *Nunez,* 122 D.P.R. at 139 The relation back mechanism set in place by both the federal and local rules is established in the context of substitution of a party defendant. In other words, under both the federal and local provisions [7] it is exclusively by virtue of the identification of the unknown defendants in the pleading that the filing of a complaint may have any effect on the stat-ute of limitations. That is, only if and when substitution of a party defendant is authorized because all pertinent procedural requirements have been met [8] that relation back kicks in.

■ Accordingly, because the unknown defendants described in ¶¶ 3.12 of the First Federal Suit were never identified in those proceedings prior to the dismissal there can be no relation back and hence no effect on the lapse of the statute of limitations as to MEDIC and DR. HERNANDEZ, codefendants herein.

### Commonwealth

Plaintiff further argues that inasmuch as the COMMONWEALTH is liable for the negligent acts or omissions of its agents and employees tolling as to the local Government also operated as a tolling with respect to codefendants MEDIC and DR. HERNANDEZ.

Tort liability is codified in art. 1802 of the Puerto Rico Civil Code, Laws of P.R. Ann. tit., 31 § 5141. Pursuant to the statute authorizing suits against the COMMONWEALTH [9] and the provisions of art. 1803 [10] the local government will be liable

---

7. Thus, even assuming that P.R. Rule 15.4 is applicable, *see Pagan Velez v. Laboy Alvarado,* 145 F.Supp.2d 146, 154 (D.P.R.2001) (application of Rule 15(c)(1) "not inconsistent with federal law"); *Ocasio v. Betancourt,* 146 F.R.D. 34, 38 (D.P.R.1992) (no need to resort to local law provisions if amendment allowed under federal rule) and Francis M. Dougherty, J.D., *Rule 15(c), Federal Rules of Civil Procedure, or State Law as Governing Relation Back of Amended Pleading,* 100 A.L.R. Fed. 880, 1990 WL 675245 (1990) the final result would be the same.

8. Relation back is not automatic. Certain factors must be present either under Rule 15(c) Fed.R.Civ.P. or Rule 15.4 P.R. Rules Civ. P. for tolling to be effective. These include time limitations to provide notice, i.e., 120 days or 6 months from filing of the complaint respectively.

9. Pursuant to Laws of P.R. Ann. tit., 32 § 3077(a) (1990) the COMMONWEALTH specifically waived its immunity and consented to be sued for "[a]ctions for damages... caused by a... negligent act or omission of any official, agent, or employee of the Commonwealth...."

10. Laws of P.R. Ann. tit., 31 § 5142 in pertinent part reads:

The obligation imposed by section 5141 of this title is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

. . . . .

The Commonwealth is liable in this sense under the same circumstances and conditions as those under which a private citizen would be liable.

for the negligent acts or omissions of its agents and employees under the same circumstances as an individual would be under general Puerto Rico tort principles. *Sánchez Soto v. E.L.A.*, 128 D.P.R. 497, 1991 WL 735361 (1991).

■ The state as a sovereign may impose limitations on its waiver of immunity and in our particular case has chosen to do so by requiring prior notice of the claim within 90 days from the incident giving rise to the claim. Laws of P.R. Ann. tit., 32 § 3077a(c).

The one-year statute of limitations is also applicable to suits arising from the conduct of Government agents or employees and this term may be extended by notice made according to § 3077a(c) provided it meets the requirements for extrajudicial claims of P.R. Laws Ann. tit., 31 § 5303. *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740, 1992 WL 755000 (1992).

■ In order for extra-judicial claims to effectively toll the statutory period the demand must be made by the injured party or his representative to the person responsible for the damages, prior to the lapse of the statutory period, and must relate to the same cause of action alleged in the complaint. *de León Crespo; González Rodríguez v. Wal–Mart, Inc.*, 147 D.P.R. 215, 1998 WL 876530 (1998). In order to be effective the demand need not comply with any formal requirement. However, it must convey an unequivocal desire by an injured party not to lose a right when threatened to lose it. *Acosta Quiñones,* 135 D.P.R. 668, 675, 1994 WL 909614 (1994) (quoting *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740, 752, 1992 WL 755000 (1992)).

Assuming as plaintiff contends that the COMMONWEALTH is liable for the acts or omissions of MEDIC and DR. ZAMBRANA pursuant to the aforementioned

provisions and that any tolling as to the Government would affect codefendants we must then examine the events that would operate as tolling for the local Government.

As previously indicated, plaintiff visited the ER on August 28, 1995. Thereafter, on November 24, 1995 and December 20, 1995 plaintiff forwarded two separate § 3077(a) notices to the P.R. Secretary of Justice. Similar to the situation in *Zambrana* these letters qualify as extrajudicial claims inasmuch as they unequivocally alerted the local Government of a monetary demand based on specific instances of negligence of its agents or employees. *See also Tokyo Marine*, 142 F.3d at 5 (demand letter timely, sent by person with standing and requesting same relief as complaint). Thus, unless additional tolling measures were subsequently taken by plaintiff he had until December 1996 to institute suit.

According to the record before us it is not until August 25, 1997 that plaintiff filed Civ. Num. DDP97–0823 in state court against the COMMONWEALTH as the entity in charge of the BAYAMON REGIONAL HOSPITAL. The First Federal Suit, filed on August 28, 1996—exactly one year after the ER incident—did not mention the local Government but rather the MUNICIPALITIES OF TOA BAJA and BAYAMON. Thus it cannot have had any tolling effect as to causes of action against the COMMONWEALTH.

## CLAIMS AGAINST THE HOSPITAL

There is one remaining issue relevant to the statute of limitations controversy which arises as a result of the yet unclear relationship between codefendants and the HOSPITAL REGIONAL DE BAYAMON and which none of the parties have addressed. That is, what tolling effect, if any, the claims asserted against the aforementioned HOSPITAL, a named defen-

dant in the First Federal Suit, had on MEDIC and DR. HERNANDEZ.[11] In the event that those proceedings in fact operated to the benefit of plaintiff vis à vis codefendants herein this action would be timely. However, the court is unable to dispose of this particular matter with the limited record presently before us.

Accordingly, MEDIC and DR. HERNANDEZ shall submit a memorandum of law together with all pertinent evidence demonstrating that naming the HOSPITAL REGIONAL DE BAYAMON as a party defendant in a prior suit did not operate as a tolling of the claims asserted against them in this action.[12]

## CONCLUSION

Based on the foregoing the Motion for Summary Judgment filed by MEDIC and DR. HERNANDEZ *under seal* (docket No. 78) [13] is disposed of as follows.

Codefendants shall file on or before November 12, 200 a memorandum of law and documentation in support thereof showing cause why naming the HOSPITAL REGIONAL DE BAYAMON as a party defendant in a prior suit did not toll the claims asserted against MEDIC and DR. HERNANDEZ in this action. Plaintiff shall respond thereto no later than December 5, 2002.

IT IS SO ORDERED.

11. In the First Federal Suit service of summons upon the HOSPITAL REGIONAL DE BAYAMON was effected on April 3, 1998 through DR. JOSE MADERA, its Medical Director, and Final judgment dismissing without prejudice the claims asserted against the HOSPITAL was entered on April 3, 1998.

12. Because time bar is an affirmative defense movants carry the burden on this issue.

13. *See* Plaintiff's Opposition... (docket No. 79); Plaintiff's Reply... (docket No. 80) and Codefendants' Sur–Reply (docket No. 80).