Elia NOHEMI MELENDEZ,
et al., Plaintiffs

v.

HOSPITAL HERMANOS MELENDEZ,
et al., Defendants.

Civil No. 05–2057 (JAG).

United States District Court,
D. Puerto Rico.

March 7, 2008.

Ramon E. Davila–Carlos, Davila & Davila, San Juan, PR, for Plaintiff.

Benito I. Rodriguez–Masso, Benito I. Rodriguez Masso Law Office, Luis G. Martinez–Llorens, Jose A. Miranda–Daleccio, Miranda Cardenas & Cordova, Maria Z. Trigo–Ferraiuoli, SIMED, Benjamin Morales–Del–Valle, Brenda L. Santana–Dieppa, Morales Morales Law Offices, Sigrid Lopez–Gonzalez, Sigrid Lopez Gonzalez Law Offices, San Juan, PR, Jorge Carlos Cruz–Jove, Gandarilla & Cruz Jove, Aguada, PR, for Defendant.

## OPINION AND ORDER

JAY A. GARCIA–GREGORY, District Judge.

Pending before the Court is a motion for partial summary judgment filed on July 17, 2007 by defendant Sindicato de Aseguradores para la Suscripcion Conjunta de Seguros de Responsabilidad Profesional Medico–Hospitalaria ("SIMED") as insurance carrier of defendant Dr. Angel L. Arizmendi Flores ("Dr. Arizmendi") ("defendant"). (Docket No. 88). Defendant argues that the complaint against it is time-barred. For the reasons set forth below, the motion is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to the controversy raised by defendant's motion are as follows. On September 30, 2005, Elia Nohemi Melendez, by herself and on behalf of her minor son Carlos Andres Melendez ("plaintiffs") filed a complaint pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332 against Hospital Hermanos Melendez, Inc; Fulano Arizmendi; Dr. John Doe; ABC Insurance Co.; DEF Insurance Co.; and XYZ Insurance Co. alleging medical malpractice. (Docket No. 1). The complaint alleges that on October 5, 2004, defendants negligently treated Carlos Delfin Melendez, Alia Nohemi Melendez's then-husband and Carlos Andres Melendez's father. The complaint states that "[a]t all times hereinafter mentioned, Defendants ABC Insurance Company, DEF Insurance Company and XYZ Insurance Company and any other existing but unknown insurance company that may be liable to plaintiffs, are insurance companies . . . [that] at the time of the facts alleged herein had issued and maintained public and/or professional liability insurance policies on behalf of the above-named defendants under whose terms and conditions

are jointly and severally liable with their respective insureds for the damages sustained by the plaintiffs." On May 4, 2007, plaintiffs filed a "Motion for Leave to File Second Amended Complaint." [1] In said motion, plaintiffs stated, among other things, that they had been informed that SIMED is the insurer of defendant Dr. Arizmendi and requested permission to amend the complaint to include SIMED as insurer of Dr. Arizmendi. (Docket No. 63). Furthermore, plaintiffs' motion stated: "All parties are in agreement and do not object to plaintiffs' request to amend the complaint as explained herein." The Amended Complaint was tendered separately. (Docket No. 64). Defendant did not object to plaintiffs' motion within the prescribed time period and the Court granted plaintiffs leave to file the amended complaint on May 21, 2007. (Docket No. 68). SIMED, as insurance carrier of Dr. Arizmendi, was served with summons on June 4, 2007 (*see* Docket No. 81). On July 17, 2007, defendant filed a motion for summary judgment, alleging that since at least January 24, 2006, plaintiffs had knowledge that SIMED was the insurance carrier of Dr. Arizmendi and that more than one year—the statute of limitations for malpractice claims under Puerto Rico law—had passed from that time until the filing of the amended complaint which included SIMED as insurance carrier of Dr. Arizmendi. After granting plaintiffs two extensions of time to oppose the motion for summary judgment, the court issued an order on September 17, 2007 denying plaintiffs' third motion for extension of time and deemed the motion for summary judgment as unopposed. (Docket No. 103).

---

**1.** This was the third amendment to the complaint. The complaint was first amended on

## DISCUSSION

### A. Applicable Standard

 Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material "if, under applicable substantive law, it may affect the outcome of the case." The moving party must first demonstrate "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548. Then the nonmoving party has to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). To prevail, the moving party need only point to the absence of evidence supporting the nonmoving party's case. *Id.*

Local Rule 56 requires the moving party to file, with its summary judgment motion, a "separate, short, and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried," properly supported by specific references to the record. Similarly, the rule requires the non-moving party to file a statement of material facts, which shall "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts." Furthermore, the rule states that "[f]acts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless

June 27, 2006 and again on October 6, 2006.

properly controverted." The First Circuit has consistently upheld the validity of Local Rule 56. *See, e.g., Morales v. Orssleff's EFTF,* 246 F.3d 32, 33 (1st Cir.2001); *Rivas v. Federacion de Asociaciones de Puerto Rico,* 929 F.2d 814, 816 n. 2 (1st Cir.1991).

■ As noted earlier, plaintiffs have failed to oppose defendant's summary judgment motion. As a result, the Court is not required to "ferret through the record" looking for facts that may favor plaintiffs when those facts were not proffered under a counterdesignation of facts as required by Local Rule 56. *Morales,* 246 F.3d at 33. "When a party opposing a motion for summary judgment fails to comply with the 'anti-ferret rule,' the statement of material facts filed by the party seeking summary judgment [shall be] deemed ... admitted." *Mendez–Marrero v. Toledo,* 968 F.Supp. 27, 34 (D.P.R. 1997); *Tavarez v. Champion Prods., Inc.,* 903 F.Supp. 268, 270 (D.P.R.1995).

■ Although the plaintiffs's failure to provide a statement of contested material facts does not automatically warrant the granting of summary judgment, "it launches [their] case down the road towards an easy dismissal." *Mendez–Marrero,* 968 F.Supp. at 34. Since all material facts in defendant's statement of uncontested material facts are deemed admitted, the Court need only examine whether, given the uncontested facts, defendants are entitled to judgment as a matter of law.

*B. Applicable Law*

■ Federal courts in Puerto Rico sitting on diversity shall apply the Puerto Rico statute of limitations and tolling provision. *Valedon Martinez v. Hospital Presbiteriano de la Comunidad, Inc.,* 806 F.2d 1128, 1133 (1st Cir.1986). The Puerto Rico Civil Code provides for a one-year statute of limitations in actions sounding in tort. P.R. Laws Ann. tit. 31, § 5298

(2006). This period starts to run "from the time the aggrieved person had knowledge [of the injury]." *Id.* To have knowledge of the injury, plaintiff must have both "notice of the injury" and "notice of the person who caused it," even if he does not know the name of the person who caused the injury. *Torres v. E.I. Dupont,* 219 F.3d 13, 18 (1st Cir.2000) (*quoting Colon Prieto v. Geigel,* 115 D.P.R. 232, 244 (1984)).

■ Because under Puerto Rico law, the statute of limitations begins to run when a plaintiff has knowledge of his injury, regardless of whether he knows the real name of who caused it, plaintiffs are forced to file complaints without having complete information about the tortfeasors. Rule 15.4 of the Puerto Rico Rules of Civil Procedure indicates the procedure a plaintiff must follow when he knows the identity of the person liable for the relief claimed but not his true name at the filing of the complaint. Said rule states:

> Whenever a plaintiff does not know the true name of a defendant, he shall so state in the complaint, setting forth the specific claim he allegedly has against said defendant. In said case, the plaintiff may designate said defendant in any pleading or proceeding with a fictitious name, and upon discovery of the true name, he shall forthwith make the corresponding amendment in the pleading or proceeding.

P.R. Laws Ann. tit. 32, Ap. III, R.15.4 (2006). Defendants "designated by fictitious names must be joined in the action with their true names and must be notified-personally, if possible-with adequate time to allow them to appeal and defend themselves." *Nunez Gonzalez v. Jimenez Miranda,* 122 D.P.R. 134, 142 (1988). To determine the effective date of the amendment, Rule 13.3 of the Puerto Rico Rules

of Civil Procedure must be consulted. Said rule states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading, the amendments shall relate back to the date of the original pleading. An amendment changing the party against whom a claim is asserted shall relate back to the date of the original pleading if, after complying with the foregoing requirement and within the term provided for, the party brought through the amendment:
>
> (1) Knew of the pending cause of action so that he is not prejudiced in maintaining his defense on the merits, and
>
> (2) if it had not been for a mistake as to the identity of the person actually liable, the action would have been brought originally against him.

P.R. Laws Ann. tit. 32, Ap. III, R.13.3 (2006).

 If the amendment to substitute a fictitious name with the real name of a defendant complies with both P.R.Civ. Proc.R. 15.4 and P.R.Civ.Proc.R. 13.3, then the amendment to the complaint relates back to the filing of the original complaint. If the original complaint was timely filed, the action will not be time-barred, even if the amendment falls outside the limitations period. *Nunez Gonzalez*, 122 D.P.R. at 142.

## C. Analysis

In its motion for summary judgment, defendant argues that more than a year elapsed from plaintiffs' "knowledge of the injury" to the time the amended complaint that included defendant was filed. However, defendant fails to discuss the use of a fictitious name to identify a defendant whose real name is later substituted by amendment to the complaint and its effect on the limitations period.

 This case is not the classic case where the tort claim is filed beyond the one-year statutory term. In such a case, plaintiff bears the burden of proving timeliness by establishing he lacked the necessary knowledge prior to instituting the action. *Corey Lanuza v. Medic Emergency Specialties, Inc.*, 229 F.Supp.2d 92, 100 (D.P.R.2002) (*citing Torres*, 219 F.3d at 19; *Kaiser v. Armstrong World Indus., Inc.*, 872 F.2d 512, 516 (1st Cir.1989)). In this case, plaintiffs included Dr. Arizmendi's insurance carrier in the original complaint under a fictitious name. The original complaint-against whoever was the insurance carrier of Dr. Arizmendi—was filed within the one-year statutory term. Then, on May 4, 2007, the fictitious name was substituted with the name of Dr. Arizmendi's insurance carrier, SIMED. As such, the issue here then is not whether plaintiffs should be allowed to include SIMED as insurance carrier of Dr. Arizmendi for the first time on May 4, 2007,[2] but whether they should be allowed to use the mechanism provided by P.R.Civ.Proc.R. 15.4, that is, to use a fictitious name in the original complaint. If plaintiffs correctly identified defendant in the original complaint under a fictitious name, then it must be determined whether plaintiffs should be

---

**2.** Defendant argues that the complaint against it is time-barred because more than a year passed from the time of plaintiffs' knowledge to the amendment of the complaint to include it as a defendant on May 4, 2007. Defendant additionally argues that it is not jointly liable with Dr. Arizmendi because there is no joint act. The court clarifies that the joint liability of Dr. Arizmendi and SIMED is not a material fact to the issue at hand. It would only be so if plaintiffs had entirely failed to include SIMED as insurance carrier of Dr. Arizmendi in the original complaint. With the use of a fictitious name, plaintiffs included SIMED separately as defendants.

allowed to substitute the correct name over a year after they came to know the identity of the unnamed defendant.

In the case at bar, the original complaint contains an allegation regarding the insurance companies plaintiffs are suing. Said allegation clearly expresses plaintiffs' intention to include Dr. Arizmendi's insurance carrier as a defendant in this case. Although it is an uncontested fact the "plaintiff[s] knew that SIMED is the insurance carrier of Dr. Angel L. Arizmendi Flores, [but] did not include SIMED on [sic] the original complaint" (Docket No. 88, Fact No. 5), this fact, by itself, does not make invalidate plaintiffs' use of the fictitious name mechanism. As P.R.Civ.Proc.R. 15.4 clearly states, the use of a fictitious name requires an affirmative allegation by plaintiffs that they do not know the real name of the defendant it intends to include. Additionally, in order to quash plaintiffs' reliance on P.R.Civ.Proc.R. 15.4, defendant has to demonstrate either that plaintiffs knew the real name and deliberately concealed said knowledge or that they incurred in an intentional lack of diligence in discovering defendant's real name. *Santiago v. Becton Dickinson*, 539 F.Supp. 1149, 1154 (D.P.R.1982); *Ortiz v. Gobierno Municipal de Ponce*, 94 D.P.R. 472, 479 (1967). Defendant has not proven a deliberate concealment nor an intentional lack of diligence at the time the complaint was originally filed. Defendant doesn't even allege that plaintiffs deliberately concealed their knowledge about its real name and its entire argument regarding lack of diligence on plaintiffs' part focuses on the time after the original complaint was filed. Accordingly, at the time of the filing of the original complaint, plaintiffs correctly used a fictitious name for Dr. Arizmendi's insurance carrier.

Now it must be determined whether the amendment to include defendant with its real name was properly made. P.R.Civ.Proc.R. 15.4 states that a plaintiff may designate a defendant with a fictitious name and "upon discovery of the true name, he shall forthwith make the corresponding amendment in the pleading of proceeding." The rule merely states that the amendment shall me made "forthwith" without further specification on how long a plaintiff may wait to make such an amendment. However, the Court understands that it may not be so long as to show lack of diligence, constitute a waiver by the plaintiff, allow a plaintiff to prosecute stale claims or abrogate substantive rights of a defendant.

More than one year passed from the time plaintiffs knew that SIMED was the insurance carrier of Dr. Arizmendi to the time they requested leave to amend the complaint to include said defendant.[3] Waiting that long to amend the complaint is precisely the type of lack of diligence or waiver that the procedural rules intend to punish with limitation periods. However, the Court granted plaintiffs leave to amend the complaint upon the representation that all parties were in agreement and after the prescribed time period for objections to the motion for leave to amend the complaint had passed. Plaintiffs' representation to the Court, together with defendant's failure to object to the leave to amend, made it clear that defendant would not suffer any prejudice from its inclusion in this case. This conclusion is particularly strengthened by the fact that SIMED was aware of the complaint against it at least since November 22, 2006, when it was served with the Amended Complaint which included it as the insurance carrier of Dr. Delania Torres, another defendant in this

---

**3.** It is an uncontested fact that plaintiffs were aware, since January 24, 2006, that SIMED was the insurance carrier of Dr. Arizmendi. (Docket No. 88, Fact No. 7).

case. (*see* Docket Nos. 39, 44). As such, SIMED is not in a position to argue that bringing it into this suit now renders it unable to defend itself.

Lastly, the amendment to include SIMED as insurance carrier of Dr. Arizmendi relates back to the filing of the original complaint because the claim asserted against it in the original complaint is identical to the one alleged in the amended complaint. *See* P.R. Laws Ann. tit. 32, App. III, R. 13.3. Since the original complaint was filed within the one-year statutory period, the complaint against SIMED as insurance carrier of Dr. Arizmendi was timely filed.

### CONCLUSION

For the reasons stated above, the Court DENIES the summary judgment motion filed by SIMED as insurance carrier of Dr. Arizmendi and orders said party to answer the complaint within the next ten (10) days.

IT IS SO ORDERED.