Jose **RUIZ–RIVERA, Plaintiff**

v.

**UNITED STATES of America; Agent John Doe; DDR Rio Hondo LLC, a/k/a Centro Comercial Plaza Rio Hondo; Banco Popular de Puerto Rico; G4S Secure Services Inc.; Ace Insurance Company; Ace Insurance Group Ltd.; Universal Insurance Company, Defendants**

**CIVIL 14–1201CCC**

United States District Court, D. Puerto Rico.

Signed March 23, 2015

Judith Berkan, Mary Jo Mendez-Vilella, Berkan & Mendez, San Juan, PR, for Plaintiff.

Ginette L. Milanes, U.S. Attorney's Office, Juan J. Casillas-Ayala, Lorimar Bar-reto-Vincenty, Luis Fernando Llach-Zuniga, Casillas, Santiago & Torres, LLC, Marisela Fernandez-Rosales, Robles & Frias, Francisco E. Colon-Ramirez, Rocio Ramos-Santiago, Colon & Colon PSC, Jorge L. Marchand-Heredia, San Juan, PR, for Defendants.

## ORDER

CARMEN CONSUELO CEREZO,
United States District Judge

Before the Court is the Motion to Dismiss the Complaint filed by the United States of America, the Federal Bureau of Investigation and FBI Agent John Doe on September 24, 2014 (D.E. 34) and the opposition filed by plaintiff José Ruiz–Rivera on November 3, 2014 (D.E. 37).[1] At the outset, we must clarify (1) that the FBI is not a defendant in this case and (2) as averred in its introductory paragraph, the Motion to Dismiss was submitted "as to FBI Agent John Doe based on the applicable statute of limitations for Plaintiff's Bivens claim and the doctrine of qualified immunity." Accordingly, the Motion to Dismiss is deemed filed only by FBI Agent John Doe "without submitting to the jurisdiction of ... [the] Court." During the status conference held in lieu of the pretrial conference on March 11, 2015, Assistant U.S. Attorney Ginette L. Milanés informed that the name of FBI Agent John Doe was going to be provided to plaintiff's attorney the next day, March 12, 2015 by 3:00 PM. Indeed, on March 12, 2015 at 2:30 PM A.U.S.A. Milanés filed an Informative Motion (D.E. 52) stating that she had "provided Plaintiff with the name and current contact information for the FBI agent ("John Doe") involved in this case."[2]

---

1. The United States Motion for Leave to File Reply and For An Extension of Time filed on November 7, 2014 (D.E. 41) is DENIED since the self-imposed deadline of November 19, 2014 to submit said reply elapsed without it being tendered.

2. Plaintiff's Second Request for Extension of Time to Identify John Doe Defendants (D.E.

Agent John Doe first avers that the Bivens claim brought against him is barred by the one-year statute of limitations. He avers that plaintiff's claims accrued on April 26, 2012, the date of the events described in the complaint, yet plaintiff failed to identify him within the one-year limitations period and did not file the complaint until March 12, 2014. Defendant posits that plaintiff had several options available to ascertain his identity within the year, such as "contact[ing] the press or the FBI informally," fil[ing] a formal Freedom of Information Act ("FIOA") request for information with the FBI," or "fil[ing] his claim within the required time frame and then [seeking] a judicial subpoena in order to compel the FBI to disclose the agent's identity," (Motion, at pp. 5–6), yet failed to engage in "reasonable efforts" to obtain said information. As an alternative grounds for dismissal, movant insists that he is entitled to qualified immunity.

In his opposition, plaintiff makes reference to efforts made to obtain the identity of the FBI Agent, all of which were done after the complaint had already been filed. See Opposition, at pp. 3–5. He bases his opposition to dismissal on three main arguments: (1) the United States has no standing to present a motion to dismiss on behalf of a defendant it does not represent, (2) the United States waived the statute of limitations and qualified immunity defenses by failing to include those defenses in its answer to the complaint and (3) dismissal of the action against John Doe on statute of limitations grounds would be inappropriate since resolution of that issue purportedly requires a factual determination on plaintiff's due diligence in attempting to ascertain John Doe's identity. None

of plaintiff's arguments in opposition have any merit. As to his first argument, suffice it to say that the Motion to Dismiss the Complaint was submitted "as to FBI Agent John Doe based on the applicable statute of limitations for Plaintiff's Bivens claim and the doctrine of qualified immunity." Motion to Dismiss (D.E. 34), at p. 1. The only defendant seeking dismissal advancing grounds in support thereof is FBI Agent John Doe. As to the second argument, it must be stressed that Agent John Doe has still not answered the complaint, so any waiver of affirmative defenses made by the United States may not be imputed to him. We now address in detail his third contention: that the statute of limitations issue is based on controverted facts which may not be adjudicated by way of a dismissal motion. We conclude that the limitations question is not a controverted matter. Our explanation follows.

■■■ We begin by recapping what is apodictic. The applicable statute of limitations for section 1983 cases brought in this District is one year. See Altair Corp. v. Pesquera de Busquets, 769 F.2d 30, 31 (1st Cir. 1985) (citing 31 L.P.R.A. § 5298(2)). This period starts to run "from the time the aggrieved person had knowledge [of the injury]." Id. To have knowledge of the injury, a plaintiff must have both "notice of the injury" and "notice of the person who caused it," even if he does not know the name of the person who caused the injury. Torres v. E.I. Dupont, 219 F.3d 13, 18 (1st Cir. 2000) (quoting Colon Prieto v. Geigel, 115 D.P.R. 232, 244 (1984)). "The key inquiry ... is whether plaintiff knew or with the degree of diligence required by law would have known whom to sue." Id.

29) is MOOT. His Motion for Order Directing the United States to Identify the John Doe Agent as Part of Its Rule 26 Obligations (**D.E. 30**) and Motion Requesting Order Requiring the United States to Comply Immediately

with All Rule 26 Obligations and to Identify the "John Doe" FBI Agent (**D.E. 38**) have been rendered MOOT by the government's information on defendant Agent John Doe's identity (D.E. 52).

"Once a plaintiff is put on notice that someone or some entity is the cause of the injury, the plaintiff may not succeed in a late-filed claim by asserting ignorance about the precise identity of the tortfeasor." Rodríguez–Surís v. Montesinos, 123 F.3d 10, 16 (1st Cir. 1997). "If a plaintiff brings an action more than a year after the injury took place, she bears the burden of proving that she lacked the requisite 'knowledge' at the relevant times." Hodge v. Parke Davis & Co., 833 F.2d 6, 7 (1st Cir. 1987). "Because under Puerto Rico law, the statute of limitations begins to run when a plaintiff has knowledge of his injury, regardless of whether he knows the real name of who caused it, plaintiffs are forced to file complaints without having complete information about the tortfeasors." Nohemi Meléndez v. Hospital Hermanos Meléndez, Inc., 608 F.Supp.2d 196, 200 (D. Puerto Rico 2008).

■ As noted above, the events on which the complaint filed in this case are based took place on April 26, 2012, therefore the statute of limitations for the Bivens action brought against defendant "Agent John Doe" expired on April 26, 2013. And, it bears repeating that the complaint against him was not filed until March 12, 2014. The issue is, thus, whether plaintiff was put on notice within the year after the April 26, 2012 events of the "someone" who caused his injuries, even if he lacked his precise identity. The burden is on him to prove that he did not.

We are convinced that he was. For one, plaintiff admits as much in his Opposition,

as he there remarks that "[i]t is abundantly clear not only from the complaint itself, but also from the motions before the court, that ... at some point after his injuries, plaintiff José Ríos [*sic*] (plaintiff's true name is José Ruiz–Rivera) became aware of the fact that it was an FBI agent who caused the damage ..." Opposition (D.E. 37), at p. 11, ¶ 7.6.[3] The fact that "he did not know within the one-year period immediately following the incident, and he does not know today, the identity of that agent," id. (emphasis in original), misses the point. See Rodríguez–Surís, *supra*. When all is said and done, plaintiff has failed to show that he was prevented from doing on or before April 26, 2013 what he actually did on March 12, 2014: sue the unidentified FBI agent who allegedly participated in the events described in his Complaint as an unknown defendant. That would have sufficed to toll the statute of limitations as to him and, at the same time, would have allowed plaintiff the use of available judicial mechanisms to obtain the agent's precise identity, as he has actually done throughout this litigation. His failure to do so doomed the Bivens action against the unidentified FBI Agent. Accordingly, the expired claim brought against said agent must be DISMISSED.

For the reasons stated, the Motion to Dismiss the Complaint filed by FBI Agent John Doe on September 24, 2014 (**D.E. 34**) is GRANTED on statute of limitations grounds.[4] Partial judgment shall be en-

---

3. In any event, a quick Google search with the key Spanish words "Plaza Rio Hondo," "Banco Popular," "asalto," "abril 2012" results in multiple hits to 2012 news reports on the events described in the Complaint, all of which mention the involvement in the incident of an FBI agent. See e.g.:

   http://www.telemundopr.com/telenoticias/puerto-rico/Denuncia-federal-contra-

asaltante-del-Banco-Popular-de-Rio-Hondo-153043245.html?m=y&smobile=y
http://www.primerahora.com/noticias/policia-tribunales/nota/fbiarrestaasospechosoderoboydispararcontraagentefederal-650718/

4. Thus, we need not address movant's alternative grounds for dismissal invoking the defense of qualified immunity.

tered DISMISSING the complaint against FBI Agent John Doe as time-barred.

SO ORDERED.